IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| TAMMIE WARREN, individually, and as Personal Representative of the Estate of Lonnie Roberts, | CV 16–31–M–DLC |
| Plaintiff, | ORDER |
| vs. | |
| TOD WOFFORD; GORDY JESSUP; RAVALLI COUNTY, MONTANA; and DOES 1-10, | |
| Defendants. | |

Plaintiff Tammie Warren ("Warren") brings federal and state claims on behalf of herself and as Personal Representative of the Estate of Lonnie Roberts ("the Estate"). When Warren commenced this action, she was represented by an attorney under an agreement that limited the scope of that representation to the drafting and filing of the complaint. After the complaint was filed, Warren's attorney withdrew from this litigation, which this Court approved by its Order of August 2, 2016. (Doc. 8.) Warren has been unsuccessful in securing new counsel, and has represented herself and the Estate pro se since that time. In view of the limited nature of the statutory privilege of self-representation, this Court requires

1

additional information regarding Warren's eligibility to proceed pro se.

## DISCUSSION

"A personal representative . . . has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as the decedent had immediately prior to death." Mont. Code Ann. § 72–3–604. Further, Warren has a statutory privilege to appear pro se in federal court. 28 U.S.C. § 1654. However, such privilege is personal to the litigant "and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)).

Thus, "in an action brought by a pro se litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Id.* (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Further, "[c]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Id.* (citing *Pope*, 828 F.2d at 697–698). While the Ninth Circuit has not directly addressed pro se representation of an estate, it has cited to the Second Circuit's prohibition on pro se estate representation for support of its adherence to this general rule in other circumstances. *Id.* at 665 (citing *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998), and *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.

1997)).

There is one exception to the Second Circuit's rule on pro se representation by a personal representative.[1] When the estate has no other beneficiaries or creditors other than the litigant, a personal representative may proceed pro se. *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). Under such circumstances, the personal representative as sole beneficiary is the real party in interest, and the assignment of such claims to the estate is only a "legal fiction." *Id.* at 21. When beneficiaries or creditors exist, "the action cannot be described as the litigant's own, because 'the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome' of the proceedings." *Pridgen*, 113 F.3d at 393 (citations omitted). Where a personal representative failed to meet the sole beneficiary exception, the Second Circuit dismissed claims of the estate, but allowed claims personal to the individual where jurisdiction was proper. *See Innaccone*, 142 F.3d at 559.

This rule is persuasive not only because it has been referenced by the Ninth Circuit, but for its application of the Ninth Circuit's general rule and foundational

---

[1] The Second Circuit uses the terms "administrator" and "executrix" in relevant caselaw. These terms are expressly subsumed under the definition of "personal representative" in Montana law. Mont. Code Ann. § 72-1-103(37). Thus, to avoid confusion, the Court will use the term "personal representative" to refer to all such designations in its discussion of Second Circuit jurisprudence as applied here.

3

principles surrounding self-representation. Thus, if Warren is the sole beneficiary or creditor of the Estate, she may continue to proceed pro se in federal court on the Estate's claims. If Warren fails to meet the sole beneficiary exception, the Estate must be represented by an attorney.

Therefore, IT IS ORDERED that Tammie Warren shall file documentation relevant to the probate of the Estate of Lonnie Roberts identifying the Estate's creditors and beneficiaries, on or before **December 6, 2016**.

Dated this 21st day of November, 2016.

Dana L. Christensen, Chief Judge
United States District Court