IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
NOV 09 2017
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| TAMMIE WARREN, individually, and as Personal Representative of the Estate of Lonnie Roberts,<br><br>Plaintiff,<br><br>vs.<br><br>TOD WOFFORD; GORDY JESSUP; RAVALLI COUNTY, MONTANA; and DOES 1-10,<br><br>Defendants. | CV 16–31–M–DLC<br><br>ORDER |

Before the Court is Defendants' Motion for Summary Judgment filed on August 15, 2017. (Doc. 24.) In their Motion, Defendants Tod Wofford, Gordy Jessup, and Ravalli County, Montana indicated that Plaintiff Tammie Warren ("Warren") opposed the Motion. (*Id.* at 2.) However, Warren failed to respond to the Motion within 21 days as required by Local Rule 7.1(d)(1)(B)(i). Throughout these proceedings, the Court has warned Warren that her case may be dismissed for failure to prosecute. On October 23, 2017, the Court notified Warren that if she did not respond to Defendants' Motion by November 3, 2017, the Motion would be granted in favor of Defendants and the case would be dismissed. (Doc. 27 at 1.) As of the date of this Order, Warren has failed to respond.

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256. Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248. In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. The "mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252. The Ninth Circuit has held that summary judgment "by default" is prohibited even if "there is a complete failure to respond to the motion." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (2013) (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). However, if there is a failure to respond, a court is permitted to consider the facts in the motion to be undisputed

for purposes of the motion. *Id.*

Treating the facts in Defendants Motion as undisputed, and after reviewing the record in this matter, the Court is satisfied that the merits of this case warrant granting summary judgment in favor of the Defendants. Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment (Doc. 24) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment in favor of the Defendants in this case.

DATED this 9th day of November, 2017.

Dana L. Christensen, Chief Judge
United States District Court